UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-308-BR

| | | |
|---|---|---|
| LINDY R. PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MCKINLEY MEDICAL, L.L.C.; | ) | ORDER |
| MOOG INC.; CURLIN MEDICAL, INC.; | ) | |
| THE BROE COMPANIES, INC.; PAT BROE; | ) | |
| and WOO YOUNG MEDICAL CO., LTD., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the 18 November 2010 motion to dismiss filed by defendant Woo Young Medical Co., Ltd. ("Woo Young Medical"). The motion is ripe for disposition.

## I. BACKGROUND

Plaintiff Lindy R. Patterson ("plaintiff") filed her initial complaint in this matter on 9 July 2009. The original complaint did not include Woo Young Medical as a party to the lawsuit. On 22 June 2010, plaintiff filed her first amended complaint, in which she named Woo Young Medical as an additional defendant. Plaintiff alleges that on 22 August 2003, a pain pump designed, manufactured and distributed by the defendants was implanted into her right shoulder during surgery, which caused serious and permanent damage to the cartilage in her shoulder joint. Plaintiff has asserted claims for negligence, negligence per se, design defect, breach of express and implied warranties, fraudulent misrepresentation, fraudulent concealment, negligent misrepresentation, unfair and deceptive trade practices, and punitive damages.

On 18 November 2010, Woo Young Medical filed a motion to dismiss plaintiff's first

amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff responded on 15 December 2010, and Woo Young Medical filed a reply on 29 December 2010.

## II.  DISCUSSION

In a diversity action such as this one, a district court applies federal procedural law and the applicable state substantive law.  Dixon v. Edwards, 290 F.3d 699, 710 (4th Cir. 2002).  The court relies on federal precedent to determine the propriety of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996) ("The sufficiency of the pleadings . . . is a procedural matter to which federal law applies" in a diversity case.).  A motion to dismiss pursuant to Rule 12(b)(6) "tests the sufficiency of a complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).  In order to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The parties do not dispute that North Carolina substantive law applies to this case.  (See Woo Young Medical's Mem. Supp. Mot. Dismiss, DE # 100, at 3; Pl.'s Resp. Mot. Dismiss, DE # 103, at 1-2.)  In its motion to dismiss, Woo Young Medical contends that plaintiff's cause of action is barred by the North Carolina statute of repose, N.C. Gen. Stat. § 1-50(6), which provides:

> No action for the recovery of damages for personal injury, death or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase

for use or consumption.[1]

Here, Woo Young Medical argues that the date of plaintiff's surgery, 22 August 2003, is the date of the initial purchase of the pain pump for the purposes of the statute of repose. Because Woo Young Medical was not added as a defendant in this case until 22 June 2010,[2] which is more than six years after the date of the initial purchase of the pain pump, Woo Young Medical maintains that plaintiff's claim is barred by N.C. Gen. Stat. § 1-50(6).

In response, plaintiff contends that N.C. Gen. Stat. § 1-50(6) does not apply as a substantive bar to her claim because her injuries fall within a disease exception to the statute. See Bullard v. Dalkon Shield Claimants Trust, 74 F.3d 531, 534 (4th Cir. 1996) ("[T]he North Carolina Supreme Court has stated unequivocally that the statute [of repose] has no application to claims arising from disease." (citation and internal quotation marks omitted)); Hyer v. Pittsburgh Corning Corp., 790 F.2d 30, 34 (4th Cir. 1986) (statute of repose did not bar plaintiff's claim for asbestosis even though the product alleged to have given rise to the injury was purchased more than six years prior to the alleged onset of the disease); Wilder v. Amatex Corp., 336 S.E.2d 66, 73 (N.C. 1985). Specifically, plaintiff alleges that the pain pump that was implanted in her shoulder delivered local anesthetic directly to her shoulder joint. (Am. Compl.,

---

[1] In 2009, N.C. Gen. Stat. § 1-50(6) was deleted, and a new twelve-year statute of repose was added and codified at N.C. Gen. Stat. § 1-46.1. See Act of Aug. 5, 2009, N.C. Sess. Laws 2009-420, §§ 1-2. The amending legislation states: "This act becomes effective October 1, 2009, and applies to causes of action that accrue on or after that date. . . . Nothing in this act is intended to change existing law relating to product liability actions based upon disease." Id. § 3. Based on the effective date of the amending legislation, Woo Young Medical contends that the six-year statute of repose contained in § 1-50(6) applies to this matter. In her response to the motion to dismiss, plaintiff does not appear to concede that the application of § 1-50(6) is proper, but she also does not directly argue that § 1-46.1 is the applicable statute of repose. Because plaintiff's original complaint was filed on 9 July 2009, the court finds it safe to assume that the vast majority, if not all, of plaintiff's claims accrued prior to 1 October 2009. As a result, the court concludes that § 1-50(6) applies to the instant motion.

[2] In her response to Woo Young Medical's motion to dismiss, plaintiff does not contend that her amended complaint relates back to the date that the original complaint was filed. See Fed. R. Civ. P. 15(c).

3

DE # 76, ¶¶ 16-17.) This continuous exposure to local anesthetics caused plaintiff to develop a disease called chondrolysis, which resulted in the deterioration of her shoulder cartilage. (Id. ¶ 18.)

A time limitations challenge, such as the one Woo Young Medical asserts here, must be raised through an affirmative defense, and the burden of establishing the affirmative defense rests on the defendant. Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir.2007). As a result, an affirmative defense is often not appropriate for disposition under Rule 12(b)(6). Id. (noting that a Rule 12(b)(6) challenge, "which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred"); Republican Party, 980 F.2d at 952 (A motion to dismiss "tests the sufficiency of a complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). An exception exists for the "relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint . . . ." Goodman, 494 F.3d at 464. This exception is strictly construed, requiring that all "facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint.'" Id. (alteration and emphasis in original) (quoting Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir.1993)).

Woo Young Medical insists that plaintiff's amended complaint fails to show that the disease exception to N.C. Gen. Stat. § 1-50(6) applies to her case. Woo Young Medical points out that the amended complaint contains no allegation that plaintiff's chondrolysis developed gradually over time or that it took a significant amount of time to diagnose plaintiff with

4

chondrolysis.³ See Bullard, 74 F.3d at 535 ("[I]n determining a disease exception to the statute [of repose], the court looks primarily to two characteristics: the difficulty or impossibility of establishing the exact time the injury first occurs or the disease process begins, and some period of time between first exposure to the product and the discovery of the disease, so that the harm caused by the product would not be readily apparent until the disease is diagnosed as such."). However, plaintiff was not required to provide these facts in the amended complaint. Rather, she is merely obligated to provide "a short and plain statement of the claim showing . . . entitle[ment] to relief," which she has done in this case. Fed. R. Civ. P. 8(a)(2). "To require otherwise would require a plaintiff to plead affirmatively in [her] complaint matters that might be responsive to affirmative defenses even before the affirmative defenses are raised." Goodman, 494 F.3d at 466.

Therefore, at this stage of the litigation, the court will not grant the motion to dismiss based on the affirmative defense of the statute of repose where all of the facts necessary to do so do not clearly appear on the face of the amended complaint. Woo Young Medical may raise this matter again in a motion for summary judgment, when the record is fully developed and the court may properly analyze the issue.

---

³ Plaintiff does raise these arguments in her response to Woo Young Medical's motion to dismiss. (See Pl.'s Resp. Mot. Dismiss, DE # 103, at 2.)

## III. CONCLUSION

Based on the foregoing, Woo Young Medical's motion to dismiss (DE # 98) is DENIED.

This 30 March 2011.

                                          W. Earl Britt
                                          Senior U.S. District Judge